## Salter *versus* Griffith.

By the 1st section of the Act of March 11th 1836 it is provided that where an action is brought in any court, upon a record remaining in said court, it is not necessary to file a copy of said record to entitle plaintiff to a judgment for want of an affidavit of defence. *Held*, that a recognisance for stay of execution is a record within the meaning of said section, and it is not necessary to file a copy thereof to entitle a plaintiff to judgment.

February 19th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of January Term 1877, No. 195.

R. M. Griffith had a judgment against Daniel S. Mann to stay the execution, of which William F. Salter became security. The debt not being paid, a scire facias was issued against Salter on his recognisance, when he filed a suggestion "that the plaintiff is not entitled to a judgment in default of an affidavit of defence in above case, not having filed a copy of the instrument sued upon."

The court, however, entered judgment for want of an affidavit of defence, which was assigned for error by Salter.

*Arthur C. Selden* and *George S. Selden*, for plaintiff in error.— The Act of March 28th 1835 requires that the copy of the record sued on should be filed. The Act of 11th March 1836 declared, that when the record was in the court where the action was brought, it was not necessary to file a copy thereof.

The Act of 12th March 1842, § 2, Brightly 497, enacts in sect. 2 : The second section of the act to which this act is a supplement is hereby declared to embrace all actions brought in said court on bonds or recognisances of bail in error, or bonds of sureties for stay of execution, and is hereby extended to all actions," &c.

Does this supplement of 1842, which is specially a supplement to the second section of the Act of 1835, which requires a copy to be filed, dispense with the filing of a copy ? The intermediate Act of 11th March 1836, dispenses only with the necessity of filing copies of a record, that is necessarily, of the records then spoken of in the Act of 1835, which did not confessedly apply to scire facias sur recognisances of bail for stay of execution, which at most are only a part of a record, upon which the action is brought.

A recognisance is but a short instrument, and therefore not within the reason and intent of the Act of 11th March 1836, for neither it nor its predecessor, the Act of 1835, embraced recognisance of bail for stay of execution. Court of Common Pleas, No. 4, in Philadelphia, have decided this very point in Allen *v*. Gatley, 2 W. N. C. 98, declaring that it is necessary to file a copy of the recognisance to entitle a plaintiff to a judgment in default of an affidavit of defence.

[Salter v. Griffith.]

*R. Alexander*, for defendant in error.—Bonds of sureties for stay of execution are expressly declared by the second section of the Act of March 12th 1842, to be within the Affidavit of Defence Law: Purd. Dig. 497. The writs of scire facias recited the bonds at large. Bonds so taken and noted are records within the meaning of the Act of March 11th 1836. A mechanic's claim has been decided not to be a record, and yet it has always been considered a record within the meaning of the act, and a copy of the claim is never filed: Tr. & H. Pract., vol. 1, part 1, p. 381; Cline v. Wallace, 1 W. N. C. 293; Furst v. McCormick, 2 Id. 722. The scire facias is a writ and a declaration, and as such serves every practical purpose of a copy: McKinney v. Mehaffy, 7 W. & S. 276.

The judgment of the Supreme Court was entered, March 17th 1879,

PER CURIAM.—The first section of the Act of March 11th 1836, Pamph. L. 76, is sufficiently broad to include all actions thereafter to be brought upon any record remaining therein, so as to dispense with filing a copy thereof; and although at that time the Act of 1835 was thought by some not to extend to recognisances for stay of execution, yet the Act of 12th March 1842, Pamph. L. 66, was a supplement to the Act of 1835, and was in terms a declarative statute. "The second section of the act to which this act is a supplement is hereby declared to embrace all actions on bonds or recognisances of bail in error, or bonds for stay of execution." The District Court of Philadelphia, in 1840, had decided in Baker v. Olwyne, 2 Miles 404, that a recognisance of bail in error was an instrument of writing for the payment of money under the Act of 1835. Of course *a fortiori* recognisances for stay of execution were within the act. The Act of 1842 was passed to relieve a doubt resting on the mind of the then excellent president of that court, which, however, was entertained by neither of his colleagues.

Judgment affirmed.